MICHAEL K. EIDMAN, ESQ.
157 Engle Street
Englewood, New Jersey 07631
(201) 503-1330
Fax (201)503-1336
Michael@eidmanlaw.com
Attorneys for Defendants Alvear Benros and Shiel Medical Laboratory, Inc.
Our File No.: 1938-08

| | |
|---|---|
| BIO-REFERENCE LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALVEAR BENROS and SHIEL MEDICAL LABORATORY, INC., <br><br> Defendants. | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY <br><br> Civil Action No. 2:08-CV-02839-DRD-MAS <br><br> **ANSWER TO COMPLAINT** |

Defendants, by their attorney Michael K. Eidman, Esq., for their Answer to the Complaint allege:

1. Deny each and every allegation contained in paragraphs 1 and 2 except admit that plaintiff purports to assert the claims described in paragraph 1 and to predicate jurisdiction upon U.S.C. §1332.

2. Admit the allegations contained in paragraph 3.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

4. Admit the allegations contained in paragraphs 5 and 6.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8 and 9.

6. Admit the allegations contained in paragraph 10, 11 and 12.

7. Deny each and every allegation contained in paragraph 13, 14 and 15, except admit that during his employment with plaintiff, defendant Benros had contacts with plaintiff's customers and customer prospects.

8. Deny each and every allegation contained in paragraphs 16 through 22, except admit that in or about March, 2003, Benros executed an Employment Agreement with plaintiff and respectfully refers the Court to that Agreement for a true and correct statement as to the contents thereof.

9. Admit the allegations contained in paragraph 23.

10. Deny each and every allegation contained in paragraph 24, except admit that at the time he resigned, defendant Benros did not disclose his future employment plans.

11. Admit the allegations contained in paragraph 25.

12. Deny each and every allegation contained in paragraph 26, 27, 28, 29 and 30, except admit that Howard Beach Medical Center was a customer that Benros dealt with during his employment with plaintiff; that at the same time Howard Beach Medical Center was also a customer of defendant Shiel Medical Laboratory, Inc. ("Shiel") and that Howard Beach Medical Center continues to be a customer of Shiel.

13. Deny each and every allegation contained in paragraph 31 through 32 except admit the existence of the letter of May 20, 2008, annexed as Exhibit A, and respectfully refers the Court to that letter for a true and correct statement as to the contents thereof.

14. Deny each and every allegation contained in paragraph 33, 35 through 37, 39 through 42, 44, 44 and 47 through 50.

As and For a First<br>
<u>Affirmative Defense</u>

15. The Employment Agreement signed by Benros is unenforceable in that it is overbroad, unreasonable in terms of length of time and geographic area, and against public policy.

WHEREFORE, defendants demand judgment dismissing the complaint and awarding them the costs and disbursements of this action.

_____<br>
MICHAEL K. EIDMAN, ESQ.<br>
Attorney for Defendants Alvear Benros and<br>
Shiel Medical Laboratory, Inc.

Dated: August 7, 2008